IN THE UNITD STASTES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAPHNE NERO | ) | CASE NO. 1:04CV1833 |
| 18480 Haskins Rd. | ) | |
| Bainbridge, OH  44023 | ) | JUDGE ALDRICH |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| UNIVERSITY HOSPITALS | ) | |
| MANAGEMENT SERVICES | ) | |
| ORGANIZATION | ) | |
| 11100 Euclid Avenue | ) | |
| Cleveland, OH  44106 | ) | |
| | ) | |
| Serve:  UNIVERSITY HOSPITALS | ) | |
| HEALTH SYSTEM | ) | |
| 11100 Euclid Avenue | ) | |
| Cleveland, Ohio  44106 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Daphne Nero, by and through the undersigned counsel, and for a complaint against Defendant, states and alleges the following:

**PARTIES**

1. At all times relevant herein, Plaintiff was a resident of Ohio.

2. At all times relevant herein, Plaintiff was an employee of University Hospitals Management Services Organization (UHMSO), working at UPCP Geauga Internal Medicine.

3. At all times relevant herein, upon information and belief, Defendant's principal place of business was located in Cuyahoga County, Ohio.

## **VENUE**

4. Venue properly lies in this Court, as, upon information and belief, Defendant's principal place of business was located in Cuyahoga County, Ohio.

## **FACTUAL ALLEGATIONS**

5. Plaintiff, age 43 at the time of her termination, is a member of a protected class pursuant to Ohio Revised Code § 4412 *et seq.*

6. Plaintiff began working for Defendant in or around November 2000 as a Medical Assistant.

7. Beginning March 1, 2004, Plaintiff began experiencing health problems including but not limited to suffering a heart attack for which she was admitted into the hospital and a bout of excessive coughing that resulted in two fractured ribs.

8. Plaintiff missed work during the majority of March 2004 because of her physical ailments.

9. Plaintiff's medical-related absences from work in March 2004 were based on the orders of her treating physicians at the time.

10. During Plaintiff's medical-related leave, Plaintiff and/or her physicians kept Defendant apprised of Plaintiff's medical condition and leave status, and thus, Defendant was aware that Plaintiff was missing work pursuant to her doctors' orders.

11. On or around March 26, 2004, Plaintiff contacted Defendant about returning to work upon her release to work from her doctor.

12. Starting on or around March 26, 2004, Defendant and its agents became evasive and noncommittal regarding Plaintiff's return to work.

13. On or around April 20, 2004, Defendant terminated Plaintiff's employment because of alleged "errors" committed by Plaintiff regarding documentation at work and billing.

14. The reasons provided for Plaintiff's termination are false and pretextual.

15. Plaintiff's replacement was, upon information and belief, under age 40 and significantly younger than Plaintiff.

16. Because Defendant employs more than 50 full-time employees, Defendant is an "employer" under the definition of that term as stated in the Family and Medical Leave Act of 1993 (herein after "FMLA"), 29 USC 2611.

17. Because Plaintiff worked more than 12 months as a full time employee for Defendant before her medical leave of absence, she is a covered "employee" under the definition of that term as defined by the FMLA, 29 U.S.C. 2611.

## COUNT ONE
### (FMLA VIOLATION)

18. Plaintiff reavers and realleges each and every paragraph above as if fully set forth herein.

19. Plaintiff was qualified for the position of Medical Assistant.

20. Defendant terminated Plaintiff because she took a legally protected medical leave of absence, and Defendant replaced her with an individual who, upon information and belief, did not recently take an FMLA leave of absence.

21. Defendant's actions and inactions are in violation of 29 U.S.C.§ 2615, and Plaintiff has a remedy against Defendant pursuant to 29 U.S.C. § 2617.

22. The retaliatory conduct described above was engaged in recklessly, maliciously, and intentionally.

23. Defendant's actions and inactions complained of above were so egregious, reckless, willful, and deliberate that Plaintiff is entitled to an award of compensatory and punitive damages.

24. As a result of the foregoing actions of Defendant, Plaintiff has suffered damages including but not limited to loss of wages and mental anguish in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT TWO
### (Age Discrimination)

25. Plaintiff reavers and realleges each and every paragraph above as if fully set forth herein.

26. Plaintiff, a member of a protected class, was qualified for the position of Medical Assistant.

27. Age was a motivating factor in the Defendant's decision to terminate Plaintiff and replace her with a significantly younger employee under the protected age of 40.

28. The actions of Defendant described above in paragraphs one (1) through twenty-seven (27) hereinabove constitute age discrimination in violation of Ohio Rev. Code § 4112.02(A).

29. The discriminatory conduct described above was engaged in recklessly, maliciously, and intentionally.

30. Plaintiff has a remedy against Defendant pursuant to Ohio Rev. Code § 4112.99.

31. Defendant's actions and inactions complained of above were so egregious, reckless, willful, and deliberate that Plaintiff is entitled to an award of compensatory and punitive damages under the provisions of Ohio's Civil Rights Act, in an amount to be determined at trial.

32. As a result of the foregoing actions of Defendant, Plaintiff has suffered damages including but not limited to loss of wages and mental anguish in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT THREE
### (Violation of Public Policy)

33. Plaintiff reavers and realleges each and every paragraph above as if fully set forth herein.

34. The foregoing acts and actions of Defendant constitute a violation of Ohio's public policy as set forth in Ohio Rev. Code § 4112 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., as well as Ohio common law.

35. As a result of Defendant's actions, Plaintiff has suffered economic damages in the form of back wages and front-pay in an amount to be determined at trial.

36. Defendant's conduct as set forth above has also caused Plaintiff non-economic compensatory damages in the form of mental anguish and pain and suffering in an amount to be determined at trial.

37. As a result of Defendant's conduct, Plaintiff is entitled to recover her attorney's fees and costs pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §200(e)(5)(k).

38. Defendant's conduct as set forth above was willful and intentional and of the nature for which Plaintiff is entitled to recover punitive damages, including her reasonable and

5

necessary attorney's fees, expert fees and the cost of this action, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Order Defendant to make Plaintiff whole by providing compensation for violation of her civil rights, emotional distress, liquidated damages, and punitive damages in an amount in excess of $25,000.00;

B. Award Plaintiff appropriate back pay, front pay, and reimbursement for lost wages in an amount to be proven at trial;

C. Grant to Plaintiff her attorney's fees, costs, and disbursements;

D. Award Plaintiff pre- and post-judgment interest at the prevailing rate; and

E. Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

s/Caryn M. Groedel
Caryn M. Groedel 0060131
David J. Steiner 0075217
CARYN GROEDEL & ASSOCIATES CO, LPA
5910 Landerbrook Drive, Suite 200
Cleveland, OH 44124
Tel: 440-544-1122
Fax: 440-446-1240
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/Caryn M. Groedel
CARYN M. GROEDEL

## **CERTIFICATE OF SERVICE**

      On December 8, 2004 I electronically filed a copy of a Plaintiff's First Amended Complaint. Notice of this filing will be sent to all parties through the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          <u>s/Caryn M. Groedel</u>
                                          CARYN M. GROEDEL