# **EXHIBIT 1**

## CARYN GROEDEL & ASSOCIATES CO., LPA
**Attorneys at Law**

5910 Landerbrook Drive
Suite 200
Cleveland, OH 44124

Phone: (440) 544-1122
FAX: (440) 446-1240
email: dsteiner@groedel-law.com

February 11, 2005

*Sent via facsimile only:* **1-216-479-6060**

Lori Fauvie, Esq.
David Campbell, Esq.
Vorys Sater Seymour & Pease
1375 East Ninth Street, Suite 2100
Cleveland, OH 44114

Re: *Daphne Nero v. University Hospitals Management Services Organization, Inc., et. al.*
U.S. District Court, Northern District of Ohio, Eastern Div. Case No. 1:04CV1833

Dear Ms. Fauvie & Mr. Campbell:

This letter shall serve as my good faith effort to resolve what I consider discovery disputes regarding Defendants' Responses to Plaintiff's First Set of Discovery Requests.

First of all, Defendants' discovery responses were not properly verified. Please have these responses verified as required by law.

Secondly, for the sake of clarity, all discovery requests referred to herein that request information from "UH," or "UHHS," or "UHMSO," refer to Plaintiff's employer, University Hospitals Management Services Organization Inc.

I will now address specific discovery issues with which we seem to disagree.

## PLAINTIFF'S REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Do you admit that all documents or other tangible items of any kind that Defendant has produced to Plaintiff during discovery are true and authentic copies kept in the ordinary, regular, and usual course of the business of Defendant? (If any documents or tangible items are not admitted to be true and authentic and kept in the ordinary, regular, and usual course of Defendant's business, please identify each such document(s) or tangible items(s)

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 2

and indicate why Defendant is unable to admit the authenticity of such document or tangible item or why Defendant is unable to admit that such documents) or tangible item(s) was kept in the ordinary, regular and usual course of Defendant's business.

**COMMENT:** You objected on the ground that "[t]his Request for Admission is improper because Requests for Admissions may only be served upon a party," and "[a]s such, UHMSO denies this Request for Admission No. 1"

Please admit or deny, in verified form, Request for Admission No 1.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Identify the person(s) supplying information for these interrogatories on behalf of Defendant, including in your answer each individual's social security number. If more than one person has supplied information, state the name of each person supplying information and the precise Interrogatory for which that person answering supplied information.

**Comment:** You objected to this Interrogatory, stated the names and titles of three individuals, and referred Plaintiff to UHMSO's Initial Disclosures.

First of all, you failed to fully "identify" these individuals as defined in the preamble to Plaintiff's discovery requests which states:

> To "identify a person" or equivalent language herein means to state the name, last known home and work address and last known home and work telephone numbers and, if employed, his/her job title or position at the time relevant to the answer of the Interrogatory and the name and address of his last known employer.

As you well know, Plaintiff (or her counsel) may contact any non-management UHMSO's employees, and she may contact former management employees. (Opinion 90-20 of the Ohio Supreme Court Board of Commissioners on Grievances and Discipline; See also Huther v. Mac Tools, 1993 U.S. Dist. LEXIS 21234, August 11, 1993 (S.D. Ohio 1993)) Furthermore, the home contact information of current management level employees is discoverable in that Plaintiff may contact such individuals if their employment with UHMSO terminates before the conclusion of this case.

Moreover, the home contact information of the individuals is necessary for Plaintiff to properly serve them subpoenas for both depositions and/or trial.

Secondly, given that responses to Interrogatories are sworn testimony, Plaintiff is entitled to know the source of such sworn testimony so her attorneys may question the appropriate

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 3

witnesses at deposition and/or trial about specific Interrogatory responses. Therefore, please indicate which individuals provided information for which Interrogatories.

Finally, because it is likely that the individuals who prepared these responses will be witnesses at trial, social security numbers are discoverable in that Plaintiff may run a criminal background check on them for potential impeachment purposes.

Please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 3:** Identify each and every individual known to Defendant who has knowledge or information pertaining to the allegations set forth in the Complaint and/or Answer filed in this case, and for each person so identified, state the specific subject of the relevant information and state whether the information is based upon personal knowledge.

**Comment:** You failed to fully "identify" these individuals as defined in the preamble to Plaintiff's discovery requests. Specifically, you failed to provide home address, home phone numbers, and social security numbers for each individual.

For the reasons set out in the "comment" to Interrogatory No. 1, please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 4:** Identify all persons who have commenced administrative or court action against Defendant University Hospitals Health System ("UH") since January 1998 alleging any violation of the Family and Medical leave Act of 1994 ("FMLA"), age discrimination, and/or violation of public policy, together with the name of the administrative agency or court, the identifying charge number or case number, and a brief description of the nature of the action and its outcome.

**Comment:** You objected to this Interrogatory and limited your response to information pertaining to UPCP Geauga Internal Medicine, the location where Plaintiff was employed. This limited response, however, is not sufficient.

It is well established that plaintiffs in discrimination cases should be permitted a very broad scope of discovery. "Any evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case." Morrison v. City & County of Denver, 80 F.R.D. 289, 292 (D.Colo.1978). See also General Telephone Co. v. Falcon, 457 U.S. 147 (1982), and Finch v. Hercules, Inc., 149 F.R.D. 60, 65 (D. Del 1993) (allowing plaintiff's request for rulings from either federal or state agencies against defendant).

Acts of discrimination "viewed in isolation, arguably may not have been motivated by [unlawful] animus," would appear far differently in a cumulative context from which "a

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 4


reasonable jury could interpret this behavior as part of a complex tapestry of discrimination." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1083 (3d Cir. 1996).

Plaintiff can submit evidence of other facts of discrimination at trial as circumstantial evidence to support an inference that the plaintiff was discriminated against. See, e.g., Shattuck v. Kinetic Concepts, Inc., 49 F.3d 1106 (5th Cir. 1995) (ruling that evidence of how the employer treated other older employees may be "highly probative" of how plaintiff was treated). See also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973) (noting that plaintiffs may demonstrate pretext by tracing how employers treated other minorities); Polanco v. City of Austin, 78 F.3d 986, 980 (5th Cir. 1996); Grano v. Dep't of Dev. of Columbus, 637 F.2d 1073 (6th Cir. 1980).

The requested information is also discoverable in that Plaintiff may contact individuals involved with prior similar litigation against Defendant(s) in an attempt to gather information relevant to this lawsuit. In fact, Ohio Civ.R. 26(b)(1) states:

> It is not ground for objection that the information sought will be inadmissible at the trial **if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.** (Emphasis added.)

For these reasons please supplement your response, in verified form, to fully respond to Interrogatory No 4 and include information relating to **all** relevant actions against Defendant company-wide since January 1998.


**Interrogatory No. 5:** Identify (see definition of identify in preamble) all persons who have worked at Defendant's UPCP Geauga Internal Medicine since November 1, 2000, including in your answer the current home and work addresses, and current home and work telephone numbers of all individuals referred to in your answer to this interrogatory.

**Comment:** You objected to this Interrogatory and limited your response to individuals working at UPCP Geauga Internal Medicine's Chardon and Rock Creek offices with Dr. Molin during Plaintiff's last year of employment. This limited response, however, is not sufficient.

You also failed to fully "identify" all individuals named in response to this Interrogatory as defined in the preamble to Plaintiff's discovery requests.

Plaintiff requests an employee list and home and work contact information for all individuals who have worked at UPCP since November 1, 2000, because she or her attorneys may currently contact non-management employees to obtain relevant information for this

4

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 5

lawsuit. She may also contact former management-level employees, and, in the future, current management employees if their employment with Defendant terminates before the conclusion of this case. (Opinion 90-20 of the Ohio Supreme Court Board of Commissioners on Grievances and Discipline; See also Huther v. Mac Tools, 1993 U.S. Dist. LEXIS 21234, August 11, 1993 (S.D. Ohio 1993)).

Moreover, the home contact information of the individuals is necessary for Plaintiff to properly serve them subpoenas for both depositions and/or trial.

Please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 6:** State whether Defendant has any policy, policies, or agreements for insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse Defendants for payments made to satisfy a judgment in this case, and if so, identify each such policy or agreement separately, specifying the following:

- (a) the person and/or company underwriting the policy or agreement;

- (b) the dollar limits on liability under the policy or agreement;

- (c) the amount of any deductible before paying all or part of any judgment herein under the policy or agreement; and

- (d) the starting date the policy or agreement went into effect and the date of its cancellation, if applicable.

**Comment:** Your response to this Interrogatory is unacceptable. This Interrogatory does not ask for you to determine whether or not a particular provision within a particular policy is applicable, it asks for information about all polices which **may** be liable for all or part of a judgment in this case.
Please supplement your response, in verified form to fully respond to this Interrogatory.

**Interrogatory No. 7:** Identify any and all benefits Plaintiff would be entitled to if she was still employed by Defendant, including salary or other payments, vacation pay, sick pay, insurance coverage, bonuses, retirement benefits, and any other employer contributions on behalf of Plaintiff, and **state the value of those benefits both in dollar value (cost to Defendant) and as a percentage of Plaintiff's salary.**

**Comment:** You refer Plaintiff to Plaintiff's personnel file and UHMSO's employee policies and procedure, however, these documents do not fully respond to this Interrogatory. For example,

5

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 6

Plaintiff requests the value of her benefits (such as health insurance) both in dollar value (cost to Defendant) and as a percentage of Plaintiff's salary. This information is necessary for Plaintiff's expert to prepare a report on the value of her total lost compensation.

Please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 8:** Identify each employee of Defendant's UPCP Geauga Internal Medicine facility who has left the employ of Defendant, either voluntarily or involuntarily, from January 2000 to the present. In addition to the information requested in Definitions/Instructions, provide each person's last position with Defendant, date of separation, and reason for separation (e.g. retirement, discharge), and age. If the person was involuntarily separated from employment, please provide a detailed explanation for the discharge or termination decision and identify the persons that were involved or participated in the decision.

**Comment:** You objected to this Interrogatory and limited your response to individuals working at UPCP Geauga Internal Medicine's Chardon and Rock Creek offices since 2003. This limited response, however, is not sufficient.

Plaintiff has brought claims for, inter alia, age discrimination, FMLA and COBRA violations, and public policy violations. Plaintiff is entitled to information relating to voluntary and involuntary terminations from 2000 to the present in that she may inquire into whether any of these terminations also involved age discrimination, FMLA or COBRA violations, and/or public policy violations. Such information is relevant because it could demonstrate Defendants' knowledge of a widespread problem at UPCP.

First of all, Plaintiff is not requesting confidential information. Plaintiff requests this information for the entire department so she may compare her termination and the reasons provided for it to the termination of other UPCP employees and the alleged reasons for those terminations. Beyond exposing any widespread age discrimination and/or FMLA retaliation at UPCP, this information may demonstrate that the reasons provided for Plaintiff's termination are pretextual.

In <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397 (5th Cir. 1983), a Title VII employment case, the plaintiff sought to discover information regarding the defendant's past and present employment practices. The trial court limited discovery to two years preceding the filing of plaintiff's suit. In reversing, the Fifth Circuit referenced the need for an expanded scope of discovery in Title VII cases and added, "[t]he imposition of unnecessary limitations on discovery is especially frowned upon" in such cases. <u>Id.</u> at 405-406.

Plaintiff is requesting information within the last five years, a request that is not overbroad. Events taking place before the statute of limitations period, although not actionable in themselves under the statute of limitations, may be admitted to shed light on the true nature of

6

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 7

the matters occurring within the limitations period. See, e.g., Scandanavian Health Spa, Inc. v. Ohio Civil Rights Commission, 64 Ohio App.3d 480, 581 N.E.2d 1169 (1990); Local Lodge No. 1424, Internatl. Ass. of Machinists, AFL-CIO v. Natl Labor Relations Bd., 362 U.S. 411, 80 S.Ct 822 (1960).

For these reasons, please supplement your response, in verified form, to fully respond to Interrogatory No. 8 and include information relating to **all** voluntary and involuntary separations from employment at the UPCP Geauga Internal Medicine facility since January 2000.

**Interrogatory No. 9:** State the full name, last known address, and telephone number of each and every person known to Defendant or its agents, servants, employees, or attorneys who was present during the incidents giving rise to Plaintiff's claim of FMLA retaliation, age discrimination, and/or violation of public policy, or has knowledge relating to these claims, and describe such persons' knowledge of such incidents.

**Comment:** You objected to this Interrogatory and referred Plaintiff to UHMSO's Initial Disclosures. However, UHMSO's Initial Disclosures do not fully respond to this Interrogatory. For example, it provides a list of witnesses (name, title, and subject of information) who are likely to have discoverable information that Defendant may use to support its claims or defenses.

This Interrogatory asks for the **name, last known address, and telephone number, of each and every person who was present** during the incidents giving rise to Plaintiff's claims and/or has knowledge of such incidents.

For these reasons and the reasons set out in the "comment" to Interrogatory No. 1 above, please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 10:** Identify each of Defendant's employees or former employees whom Defendant has contacted regarding the claims in this case, and for each such employee or former employee, state the date and substance of each communication, and whether the statement was oral or written.

**Comment:** You objected to this Interrogatory, stated that no former employees have been contacted regarding the claims in this case, and referred Plaintiff to UHMSO's Initial Disclosures. However, UHMSO's Initial Disclosures does not respond to this Interrogatory. It provides a list of witnesses (name, title, and subject of information) who are likely to have discoverable information that Defendant may use to support its claims or defenses.

This Interrogatory asks you to "identify" each of Defendants' employees that **Defendants have contacted regarding the claims in this case.** Please fully "identify" each individual

7

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 8

named in response to this Interrogatory, as defined in the preamble to Plaintiff's discovery requests.

In addition, for each individual named in response to this **Interrogatory state the date and substance of each communication, and whether the statement was oral or written.**

Please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 11:** During the period of 1998 to the present, identify any employee of Defendant UH who complained to management or to any other employee about any FMLA violation, age discrimination, and/or violation of public policy, including in your answer a detailed explanation of the complaint, when the complaint was made, and how the issue was resolved.

**Comment:** You objected to this Interrogatory and limited your answer to UPCP's Geauga Internal Medicine facility since 1998. This limited response, however, is not sufficient.

The requested information is relevant. It may, among other things, illuminate a pattern of age discrimination, FMLA retaliation, and/or public policy violations at Defendant UHMSO with regard to the UPCP facilities. It may also illustrate a pattern of complacency in implementing effective remedial measures upon complaints age discrimination or FMLA violations made by employees.

Furthermore, the Sixth Circuit has unambiguously held that an employer's previous response to complaints of discrimination or harassment that are unrelated to the present action may be admitted to determine whether the employer's discrimination policy is effective. <u>Yates v. Avco</u>, 819 F.2d 630 (6th Cir. 1987).

Please supplement your response, in verified form, to include **all complaints company-wide** of age discrimination, FMLA violations, and/or violations of public policy since 1998.

**Interrogatory No. 12:** Provide a detailed explanation of the events leading to Plaintiff's termination, including **why** she was terminated, **when** she was terminated, and **who** made the decision to terminate her.

**Comment:** You objected to these Interrogatories because they allegedly request a "narrative response," and you provided very brief substantive responses. Your answer also failed to state **when** Plaintiff was terminated and **who** made the decision to terminate her.

Just because we ask for a list of actions taken by Defendants does not mean we are asking for a "narrative." However, even if we were asking for a narrative, the Civil Rules do not state

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 9

that a party may avoid answering an Interrogatory simply because the Interrogatory requests a narrative response. It has been held that the fact that a party has a choice between interrogatories and depositions does not bar the use of interrogatories. <u>Babcock Swine, Inc. v. Shelbco, Inc.</u>, 126 F.R.D. 43 (S.D. Ohio 1989)(criticizing <u>Penn Central Trans. Co. v. Armoco</u>, 27 Ohio Misc. 76 (1971)).

Please supplement your responses to include a detailed explanation of events leading up to Plaintiff's termination, including any alleged investigations relating to Plaintiff's discharge, identities of anyone spoken to by management during the investigations, the identities of the individuals conducting the investigation, and the identities of the individuals who made the decision to terminate Plaintiff, along with corresponding dates.

Please supplement your response, in verified form, to fully respond to this Interrogatory.

**Interrogatory No. 13:** Identify the individual(s) responsible for training supervisory personnel on issues of FMLA retaliation and/or age discrimination during the period of Plaintiff's employment with Defendant.

**Interrogatory No. 14:** Identify the individual(s) responsible for training non-supervisory personnel on issues of FMLA retaliation and/or age discrimination during the period of Plaintiff's employment with Defendant.

**Comment:** You objected to both Interrogatories and stated "the human resources department."

Your answer is insufficient in that it does not **identify the individual(s)** responsible for training supervisory personnel and/or non-supervisory personnel on issues of FMLA retaliation and/or age discrimination during the period of Plaintiff's employment with Defendant UH.

Please supplement your response, in verified form, to fully respond to this Interrogatory

**Interrogatory No. 15:** Identify each and every document consulted in connection with preparation of the answers to these Interrogatories.

**Comment:** You objected to this Interrogatory and stated, "see documents produced in response to Plaintiff's written document requests."

You answer is insufficient in that it does not **identify each and every document** consulted in the preparation of the answers to these Interrogatories. For example, Defendants' Initial Disclosures identified an alleged investigatory file relating to Plaintiff's discharge. You have neither identified, nor produced this alleged file in response to this Interrogatory.

9

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 10

Furthermore, you failed to identify the documents produced in response to Plaintiff's document requests.

The information requested is relevant and reasonably calculated to lead to the discovery of admissible evidence. It is axiomatic that the discovery rules are to be construed liberally in favor of the party seeking discovery. See <u>Marshall v. Electric Hose and Rubber Co.</u>, 68 F.R.D. 287, 295 (D. Del.1975), citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947)).

The information requested is not confidential, nor is it protected by attorney-client privilege. Furthermore, the party asserting that the requested information is protected bears the burden of demonstrating that the requested documents qualify as protected work product by establishing that it contain documents and tangible things, including mental impressions, prepared in anticipation of litigation or for trial. See, Civ. R. 26(B)(3), <u>Peyko v. Frederick</u> (1986), 25 Ohio St. 3d 164, 166 (burden of establishing attorney-client privilege is on party seeking to exclude communications).

Please supplement your response, in verified form, to fully respond to this Interrogatory

**Interrogatory No. 16:** Identify each and every document provided herewith, including in your answer who prepared each document, when it was prepared, and who can authenticate each such document.

**Comment:** You objected to this Interrogatory and stated, "the documents produced herewith speak for themselves." In response to Plaintiff's document request you provided: (1) documents that appear to be part of Plaintiff's personnel file, (2) the UH Policies and Procedures Manual, and (3) a job description for Medical Assistant II.

Your answer is insufficient in that it does not **identify each and every document provided herewith, when it was prepared, and who can authenticate each such document.** For example, it is not readily apparent whether or not you have produced Plaintiff's entire personnel file, and it is not readily apparent whether or not you have produced any of the documents contained in the alleged investigatory file identified in Defendant's Initial Disclosures. Furthermore it is not readily apparent **who** prepared each document, **when** it was prepared, and **who can authenticate** each such document.

Please supplement your response, in verified form, to fully respond to this Interrogatory

**Interrogatory No. 17:** Identify each and every person who assumed Plaintiff's job duties after her termination.

10

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 11


      **Comment:** You failed to fully "identify" the individual named in response to this Interrogatory, as defined in the preamble to Plaintiff's discovery requests.

      For the reasons set out in the "comment" to Interrogatory No. 1, above, please supplement your response, in verified form, to fully respond to this Interrogatory

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**DR No. 1:** All personnel handbooks, manuals, employment policies or pamphlets, and all work rules and regulations, including amendments and updates, in effect or in use for the past five years.

**Comment:** You objected to this Document Request and agreed to produce the employee policies and procedures in effect at the time of Plaintiff's termination. I look forward to receiving the forthcoming documents.

      However, your proposal to limit this document request to policies and procedures in effect at the time of Plaintiff's termination is unacceptable.

      Please provide the requested documents for the past five years.


**DR No. 2:** All documents identified, referred to or relied upon in Defendant's answers to Plaintiff's First Set of Interrogatories.

**Comment:** You objected to this Document Request and agreed to produce "responsive documents, which are not protected by any privilege." I look forward to the forthcoming documents as promised.

      However, please provide all documents kept in the regular course of business, including investigatory files, personnel files, etc. Records kept in the ordinary course of business are not protected work product. <u>In re Keough</u> (1949), 151 Ohio St. 307, <u>Dayton v. Smith</u> (1959), 109 Ohio App. 383.

      Please also indicate if any documents you consider "privileged" exists, and, if so, the nature and type of each document and why you consider such document(s) privileged.


**DR No. 3:** Pursuant to Plaintiff's claim for punitive damages, produce copies of all annual financial statements of Defendant showing Defendant's assets, gross income, net income, liabilities and net worth, prepared any time from January 1999 to the present.

11

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 12

**Comment:** You objected to this Document Request and failed to respond.

Information concerning the net worth of defendants is discoverable at the pretrial stage where the party requesting discovery has made a claim for punitive damages. See, eg., Manning v. Len Immke Buick (Franklin Cty. 1971), 276 N.E. 2d 253, 257; Sample v. Keystone Carbon Co., 58 FEP Cases 650 (W.D. Pa. 1992). In the case at hand, Plaintiff is seeking punitive damages. Defendant's financial status is entirely relevant and the financial statements are reasonably calculated to lead to the discovery of admissible evidence at trial. See Ohio Civ. R.26(b)(1).

Please provide the requested documents from January 1999 to the present.

**DR No. 4:** Plaintiff's personnel file.

**Comment:** You objected to this Document Request and agreed to produce "responsive documents, which are not protected by any privilege." I look forward to the forthcoming documents as promised.

As I stated above, it is unclear whether or not you have provided Plaintiff's personnel file in its entirety. Please clarify, or produce Plaintiff's entire personnel file.

Please also indicate if any documents you consider "privileged" exists, and, if so, the nature and type of each document and why you consider such document(s) privileged.

**DR No. 5:** All notes, documents, records, reports, memoranda regarding Plaintiff that is not contained her personnel file, from the time she commenced employment with Defendant to the present.

**Comment:** You objected to this Document Request and agreed to produce "responsive documents, which are not protected by any privilege." I look forward to the forthcoming documents as promised.

However, please provide all documents pertaining to Plaintiff, from the time she commenced employment with Defendant to the present, kept in the regular course of business, including investigatory files, personnel files, emails, etc. Records kept in the ordinary course of business are not protected work product. In re Keough (1949), 151 Ohio St. 307, Dayton v. Smith (1959), 109 Ohio App. 383.

Please also indicate if any documents you consider "privileged" exists, and, if so, the nature and type of each document and why you consider such document(s) privileged.

12

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 13

**DR No. 6:** Investigative reports, notes, memos, records, etc. pertaining to any and all complaints of FMLA retaliation, any violation of FMLA, and/or age discrimination during the past 8 years at Defendant, and the results thereof.

**Comment:** You objected to and failed to produce any responsive documents other than those relating to the UH location where Plaintiff was employed.

It is well established that plaintiffs in discrimination cases should be permitted a very broad scope of discovery. "Any evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case." Morrison v. City & County of Denver, 80 F.R.D. 289, 292 (D.Colo.1978). See also General Telephone Co. v. Falcon, 457 U.S. 147 (1982).

Information concerning other complaints alleging similar kinds of discrimination is routinely discoverable in employment discrimination suits. See, e.g., Roberts v. Air Capitol Plating, Inc., 1997 WL 446266, *5 (D. Kan. July 22, 1997) ("This information [on other claims of employment discrimination] is relevant and likely to lead to admissible evidence, particularly on the issues of the existence of hostile work environment, retaliation and punitive damages."); Finch v. Hercules, Inc., 149 F.R.D. 60, 65 (D. Del 1993) (allowing plaintiff's request for rulings from either federal or state agencies against defendant).

**Furthermore, an employer's previous response to complaints of discrimination that are unrelated to the present action may be admitted to determine whether the employer's discrimination policy is effective.** Yates v. Avco, 819 F.2d 630 (6th Cir. 1987).

Plaintiff's requests at bar are almost identical to the discovery requests in Davis v. Outback Steakhouse of Florida, Inc., 97-CVC08-7537 (Franklin Cty. Common Pleas Oct. 30, 1998). In that case, the plaintiffs requested prior complaints, charges, and/or claims of sex discrimination and/or sexual harassment that were filed against defendants. See id. at 5. The Common Pleas Judge ordered the defendants to produce, **company-wide**, all such state or federal employment agency reports and documents regarding lawsuits for a period of seven years (five years before the incidents at issue.) See Id. at 5-7. See also Payne v. Honda of America Mfg., Inc., C-2-94-762 (S.D. Ohio Nov. 5, 1995) (ordering defendants to produce copies of all charges filed with the EEOC or the OCRC and the captions of each lawsuit alleging discharge because of the employees' race along with the disposition of each charge and/or lawsuit).

**DR No. 7:** All benefit handbooks, manuals, policies or pamphlets, including amendments and updates, in effect or in use at Defendant for the past five years that are and were applicable to the Plaintiff.

13

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 14


**Comment:** You objected to this Document Request and agreed to produce the documents containing benefit information in effect at the time of Plaintiff's termination. I look forward to receiving the forthcoming documents.

However, your proposal to limit this document request to policies and procedures in effect at the time of Plaintiff's termination is unacceptable. This information is necessary for Plaintiff's expert to prepare a report on the value of her total lost compensation.

Please provide the requested documents for the past five years that are and were applicable to the Plaintiff.


**DR No. 8:** All communications by Defendant's employees, management, and board of directors, including but not limited to e-mail messages and letters, pertaining to Plaintiff's employment with Defendant.

**Comment:** You objected to this Document Request and stated that you would provide Plaintiff's personnel file.

Your response is unacceptable and non-responsive. Document Request No. 8 is not asking for Plaintiff's personnel file, it is asking for all forms of written communications by Defendant pertaining to Plaintiff's employment with Defendant.

Please provide the requested documents.


**DR No. 9:** Provide a copy of any policy, policies, or agreements for insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy a judgment in this case.

**Comment:** Your response to this Document Request is unacceptable. Please provide the requested documents.


**DR No. 10:** A copy of Plaintiff's job descriptions for all positions she held with Defendant.

**Comment:** You objected to this Document Request and stated that all responsive documents, not privileged, would be forthcoming. I look forward to receipt of the promised documents.

14

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 15

      However, please provide all responsive documents kept in the regular course of business. Records kept in the ordinary course of business are not protected work product. In re Keough (1949), 151 Ohio St. 307, Dayton v. Smith (1959), 109 Ohio App. 383.

      Please also indicate if any documents you consider "privileged" exists, and, if so, the nature and type of each document and why you consider such document(s) privileged.

**DR No. 11:** A copy of the personnel files and job descriptions for all of the individuals who assumed any of Plaintiff's job responsibilities after her termination from Defendant.

**Comment:** You objected and failed to respond to this Document Request.

      Disclosure of personnel files, however, is favored in employment cases. See Coughlin v. Lee, 946 F.2d 1152 (5th Cir. 1991)(Rejecting lower court's attempt to narrow discovery to files of employees); see also Weakhee v. Norton, 621 F.2d 1080 (10th Cir. 1980)(Disclosure is favored even in the face of confidentiality statute). Plaintiff is entitled to compare her qualifications with those of her replacements.

      You may redact confidential information such as social security numbers and medical information from these personnel files, but we request these files because they are relevant and may contain information directly relating to this lawsuit and/or information relating to the treatment of similarly situated employees and/or job applicants over the protected age of 40.

**DR No. 12:** A copy of all documents that show the alleged "errors" for which Plaintiff was terminated.

**Comment:** You objected to this Document Request and failed to respond.

      Information pertaining to Defendants' alleged reasons for terminating Plaintiff is crucial because Plaintiff has the burden of showing pretext for age discrimination and because Defendant raised the affirmative defense that "Plaintiff's termination was the result of her 'gross misconduct' and therefore, it is not a 'qualifying event.'" In order for Plaintiff to effectively rebut the affirmative defense asserted by Defendants, it is necessary for Plaintiff to have discovery regarding the alleged reasons for Plaintiff's termination.

      Furthermore, despite your concerns, the requested information is not confidential. I assure you that any information provided during discovery will only be used for purposes of this litigation. Feel free to redact social security numbers and identifying information of patients.

      A protective order is unnecessary for these documents, especially since we are not disputing your right to redact the truly confidential information contained in them.

Lori Fauvie, Esq.
David Campbell, Esq.
February 11, 2005
Page 16


**DR No. 13:** A copy of all memos, letters, notes, reports or other documentation discussing, addressing, mentioning, or referring to the decision to terminate Plaintiff.

**Comment:** You objected to this Document Request and stated that you would provide Plaintiff's personnel file.

Your response unacceptable and non-responsive. Document Request No. 13 is not asking for Plaintiff's personnel file, it is asking for all forms of written communications by Defendant pertaining to Plaintiff's employment with Defendant.

Please provide the requested documents.


**DR No. 14:** All of Plaintiff's FMLA documentation and other documentation pertaining to Plaintiff's leave of absence.

**Comment:** You objected to this Document Request and agreed to produce "responsive documents, which are not protected by any privilege." I look forward to the forthcoming documents as promised.

Please also indicate if any documents you consider "privileged" exists, and, if so, the nature and type of each document and why you consider such document(s) privileged.

Your prompt response to these discovery issues is requested. It is my hope that you will provide the documents and information requested so we can avoid the necessity of filing a Motion to Compel.


                                            Very truly yours,

                                            David J. Steiner

DJS/kjb

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO.  TX DATE/TIME    DESTINATION              DURATION   PGS.    RESULT    MODE

551  FEB. 11 12:36   216 479 6060             0°02'49"   017     OK        N   ECM
```

# Caryn Groedel & Associates Co., LPA
## ATTORNEYS AT LAW

5910 LANDERBROOK DRIVE, SUITE 200
CLEVELAND, OHIO 44124
PHONE: 440-544-1122 / FAX: 440-446-1240
E-MAIL: cgroedel@groedel-law.com

## TELECOPIER TRANSMITTAL LETTER

**PLEASE DELIVER ATTACHED MATERIAL TO:**

| | |
|---|---|
| TO: | Lori Fauvie, Esq.<br>David Campbell, Esq. |
| Company Name: | Vorys, Sater, Seymour and Pease LLP |
| Fax Number: | 1-216-479-6060 |
| From: | David J. Steiner, Esq. |
| Date of Transmittal: | February 11, 2005 |
| Subject: | *Daphne Nero vs. University Hospitals Health System* |

Total number of pages including this cover sheet: __17__

Comments:

WARNING!!!