IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAPHNE NERO, | ) | CASE NO. 1:04 CV 1833 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **LEAVE TO FILE *INSTANTER* REPLY** |
| UNIVERSITY HOSPITALS HEALTH | ) | **TO DEFENDANTS' OPPOSITION** |
| SYSTEM, INC., et al., | ) | **TO PLAINTIFF'S MOTION TO** |
| | ) | **COMPEL** |
| Defendants. | ) | |

Plaintiff, by and through counsel, moves this Honorable Court for leave to file a reply to Defendants' Brief in Opposition to Plaintiff's Motion to Compel Discovery, in the above captioned case. This Reply is necessary to address several issues raised in Defendants' Brief in Opposition, to clarify the record as to facts and circumstances surrounding Plaintiff's original Motion, to request to withdraw several portions of her motion that are no longer necessary. The proposed Reply is attached hereto, and Plaintiff requests that, if the Court grants her Motion for Leave, the Reply be deemed filed as of the date the Motion is granted to avoid the necessity of re-filing.

WHEREFORE, Plaintiff respectfully requests that her Motion for Leave to File *Instanter* Plaintiff's Reply to Defendants' Brief in Opposition to Plaintiff's Motion to Compel Discovery be granted.

Respectfully submitted,

s/Caryn M. Groedel (#0060131)
Caryn Groedel & Associates Co, LPA
5910 Landerbrook Dr, Suite 200
Cleveland, Ohio  44124
Tel:  (440-544-1122)
E-mail:  cgroedel@groedel-law.com
**Attorney for Plaintiff**

## **CERTIFICATE OF SERVICE**

On September 7, 2005, I electronically filed a copy of a Plaintiff's Motion for Leave to file *Instanter* Reply to Defendants' Opposition to Plaintiff's Motion to Compel Discovery Responses from Defendants. Notice of this filing will be sent to all parties through the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Caryn M. Groedel
CARYN M. GROEDEL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAPHNE NERO, | ) | CASE NO. 1:04 CV 1833 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| vs. | ) | **PLAINTIFF'S REPLY TO DEFENDANTS'** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| UNIVERSITY HOSPITALS HEALTH | ) | **MOTION TO COMPEL DISCOVERY** |
| SYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**I.   INTRODUCTION**

Plaintiff, Daphne Nero, has a pending claim against Defendants for COBRA violations. Section one of Plaintiff's Motion to Compel illustrates the deficient and dilatory manner in which Defendants have proceeded with discovery in this matter.  It is clear from the Exhibits attached to Plaintiff's Motion to Compel that Plaintiff is not requesting "additional" discovery as alleged by Defendants in their Brief in Opposition to Plaintiff's Motion to Compel.  In fact, Plaintiff's Motion to Compel only seeks discovery from Plaintiff's first and second sets of discovery.

Furthermore, contrary to the allegations made in Defendants' Brief in Opposition, Plaintiff did not renege on any agreement made with Defendants because Defendants never provided the agreed upon discovery.  As evidence by the numerous letters Plaintiff's counsel sent to Defendants' counsel seeking the deficient discovery, Plaintiff's counsel never gave the impression that they were waiving their discovery requests or that they were satisfied with the discovery provided by Defendants.  (See letters attached to Plaintiff's Motion to Compel as Exhibits.)

Moreover, Plaintiff's counsel far exceeded the "meet and confer" requirement by meeting and conferring with Defendants' counsel numerous times.  Plaintiff filed this Motion to Compel

3

after numerous letters and telephone conferences produced no further discovery. (The entire course of events is outlined in Section I of Plaintiff's Motion to Compel.) Despite Defendants' counsel's **many** promises that the information and documents requested by Plaintiff in her First Set of Discovery Requests, Plaintiff has received almost no responsive discovery.

Plaintiff has been extremely patient, Plaintiff has made every effort to resolve these discovery disputes, and Plaintiff has given Defendants a multitude of chances to produce the requested discovery.

In addition, Plaintiff hereby formally withdraws from her Motion to Compel Interrogatories Nos. 4, & 7, and Document Request Nos. 3, 8, 11 & 13 from Plaintiff's First Set of Discovery Requests. Plaintiff withdraws said discovery items because they were relevant to her claims for age discrimination claim and her FMLA violations, which she has dismissed. Plaintiff also withdraws from her motion, Document Request No. 3 from her Second Set of Discovery Requests, because Defendants have represented that they do not have custody of control over the documents sought.

## II.     PLAINTIFF'S DISCOVERY REQUESTS

Defendants' answers to Plaintiff's First Set of Interrogatories were not verified. Answers to interrogatories submitted to a party pursuant to Ohio Civ. R. 33 must be signed and verified by the oath of the person making such answers. Hensley v. Fairview Park Hospital, 26 Ohio Misc. 128 (Ohio Misc., 1970). Therefore, Plaintiff requests that this Court order Defendant to provide all answers and supplemental answers to interrogatories in verified form.

### A. PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 6:** State whether Defendant has any policy, policies, or agreements for insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse Defendants for payments made to satisfy a judgment in this case, and if so, identify each such policy or agreement separately, specifying the following:

    (a) the person and/or company underwriting the policy or agreement;
    (b) the dollar limits on liability under the policy or agreement;
    (c) the amount of any deductible before paying all or part of any judgment herein under the policy or agreement; and
    (d) the starting date the policy or agreement went into effect and the date of its cancellation, if applicable.

**Comment:** Defendants failed to answer this interrogatory. This interrogatory does not ask Defendants to make a determination of liability. This interrogatory asks whether Defendant has any policies or agreements for insurance that **may be liable** for part or all of a judgment entered in this action.

Furthermore, although not relevant at trial, information regarding the insurance coverage of a respondent/defendant is clearly discoverable. Evans v. Grange Mut. Casualty Co., 12 Ohio Misc. 108 (Summit County 1964) (The limits of liability insurance coverage held by a prospective defendant in an action for a tort which would be covered thereby is a fact material to the conduct of the litigation, although it may not be admitted into evidence at the trial.)

Therefore, Plaintiff respectfully requests that this Court order Defendants to fully answer this interrogatory in verified form.

**Interrogatory No. 8:** Identify each employee of Defendant's UPCP Geauga Internal Medicine facility who has left the employ of Defendant, either voluntarily or involuntarily, from January 2000 to the present. In addition to the information requested in Definitions/Instructions, provide each person's last position with Defendant, date of separation, and reason for separation (e.g. retirement, discharge), and age. If the person was involuntarily separated from employment, please provide a detailed explanation for the discharge or termination decision and identify the persons that were involved or participated in the decision.

5

**Comment:** Defendants objected to this Interrogatory and limited their response to individuals working at UPCP Geauga Internal Medicine's Chardon and Rock Creek offices since 2003. This limited response, however, is not sufficient.

The requested information is relevant to Plaintiff's claim for COBRA violations because Defendants claim, as part of their defense, that Plaintiff was terminated for gross misconduct. (Ex. 1, Defendants' Answer to Interrogatory No. 1 from Plaintiff's Third Set of Discovery Requests.)

Plaintiff is entitled to information relating to voluntary and involuntary terminations from 2000 to the present in that she may inquire into the reasons for these terminations and compare them to the reasons for her termination.

Furthermore, Defendants claim that they have limited their answer to Plaintiff's "employing unit." It is not up to Defendants to define Plaintiff's employing unit. The individuals who participated in Plaintiff's termination have hiring and firing authority beyond the at UPCP Geauga Internal Medicine's Chardon and Rock Creek. Therefore, Plaintiff's employing unit is, at the least, composed of all departments over which said individuals have hiring, firing, and personnel authority.

Moreover, Plaintiff is not requesting company-wide information. Plaintiff requests this information for the entire department so she may compare her termination and the reasons provided for it to the termination of other UH employees and the alleged reasons for those terminations. Beyond exposing any widespread COBRA violations, this information may provide evidence that the Plaintiff was not terminated for gross misconduct as alleged by Defendants.

Therefore, Plaintiff respectfully requests that this Court order Defendants to fully answer to this interrogatory in verified form.

**Interrogatory No. 12:** Provide a detailed explanation of the events leading to Plaintiff's termination, including **why** she was terminated, **when** she was terminated, and **who** made the decision to terminate her.

**Comment:** Defendants failed to fully answer this Interrogatory. Defendants' answer is unacceptable in that Defendants refuse to answer **when** Plaintiff was terminated and **who** made the decision to terminate her. Just because this interrogatory asks for a list of actions taken by Defendants leading up to Plaintiff's termination for alleged "gross misconduct," does not mean that it requests a narrative response. It has been held that the fact that a party has a choice between interrogatories and depositions does not bar the use of interrogatories. Babcock Swine, Inc. v. Shelbco, Inc., 126 F.R.D. 43 (S.D. Ohio 1989)(criticizing Penn Central Trans. Co. v. Armoco, 27 Ohio Misc. 76 (1971)).

Defendants' Brief in Opposition refers to "extensive discussions with Plaintiff's counsel, explaining the reasons for Plaintiff's termination. . ." Conversations between parties' counsel is not proper discovery procedure and does not lead to the discovery of any admissible evidence. In fact, this is a perfect example of Plaintiff's representation to the Court, in her original motion, that Defendants' counsel continued to refuse to engage in discovery based upon their personal conviction that their client was not liable and that Plaintiff was terminated for alleged "gross misconduct."

Therefore, Plaintiff respectfully requests that this Court order Defendants to provide an answer to this interrogatory in verified form, including a detailed explanation of events leading up to Plaintiff's termination, any alleged investigations relating to Plaintiff's discharge, the identities of anyone spoken to by management during the investigations, the identities of the individuals conducting the investigation, and the identities of the individuals who made the decision to terminate Plaintiff, along with corresponding dates.

### B. REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**Document Requests No.1:** All personnel handbooks, manuals, employment policies or pamphlets, and all work rules and regulations, including amendments and updates, in effect or in use for the past five years.

**Document Request No. 7:** All benefit handbooks, manuals, policies or pamphlets, including amendments and updates, in effect or in use at Defendant for the past five years that are and were applicable to the Plaintiff.

**Comment:** Defendants objected to these Document Requests and agreed to produce the responsive documents in effect at the time of Plaintiff's termination.

Defendants' proposal to limit these document requests is unacceptable. This information is necessary for Plaintiff's expert to prepare an report. Since Plaintiff claims that Defendants violated COBRA laws, it is important that Plaintiff have access to Defendants' policies and practices. Plaintiff is entitled to review previous employment policies and regulations that might indicate a lack of effort to comply with COBRA.

Therefore, Plaintiff respectfully requests that this Court order Defendants to produce the requested documents for the past five years that are and were applicable to the Plaintiff.

**Document Request No. 9:** Provide a copy of any policy, policies, or agreements for insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy a judgment in this case.

**Comment:** For the reasons set forth in Plaintiff's comment to Interrogatory No. 6, Plaintiff requests that this Court order Defendants to produce all responsive documents to this document request.

C. **PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

**Interrogatory No. 7:** Identify all UHMSO employees terminated by Petra Bosinger since the beginning of her employment with Defendant, including the dates of such terminations and a detailed explanation of why each employee was terminated.

**Comment:** Defendants refused to fully answer this Interrogatory even though the requested information is clearly relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is entitled to any and all evidence that may be available to rebut Defendants allegation that she was terminated for gross misconduct.

Therefore, Plaintiff respectfully requests that this Court order Defendants to provide the identity of all UHMSO employees terminated by Petra Bosinger since the beginning of her employment with Defendant, including the dates of such terminations and a detailed explanation of why each employee was terminated.

**Interrogatory No. 8:** Identify all persons who have commenced administrative or court action against either Defendant since January 1999 alleging any violation of COBRA, together with the name of the administrative agency or court, the identifying charge number or case number, and a brief description of the nature of the action and its outcome.

**Comment:** Defendants stated the following in response to this interrogatory: "UHMSO states that no other person has commenced an administrative action or court action against UPCP Geauga Internal Medicine, the location where Plaintiff was employed, alleging a violation of COBRA."

This interrogatory seeks information about previous allegations of COBRA violations and is entirely relevant since Defendants claim that they complied with COBRA even though they cannot offer any substantive proof.

Furthermore, as previously stated, it is not up to Defendants to determine the scope of Plaintiff's "employing unit." Plaintiff is entitled to examine the nature of ever administrative or

9

court action alleging COBRA violations against UHMSO to determine if such violations are similar to the violation made against her.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion to Compel Discovery Responses from Defendants, as redefined by this Reply Brief. Plaintiff further requests that this Court order Defendants to provide verification for all answers and supplemental answers.

    Respectfully submitted,

    s/Caryn M. Groedel (#0060131)
    Caryn Groedel & Associates Co, LPA
    5910 Landerbrook Dr, Suite 200
    Cleveland, Ohio  44124
    Tel:  (440-544-1122)
    E-mail:  cgroedel@groedel-law.com
    **Attorney for Plaintiff**

### CERTIFICATE OF SERVICE

On September 7, 2005, I electronically filed a copy of a Plaintiff's Reply to Defendants' Brief in Opposition to Plaintiff's Motion to Compel Discovery Responses from Defendants. Notice of this filing will be sent to all parties through the Court's electronic filing system. Parties may access this filing through the Court's system.

    s/Caryn M. Groedel
    CARYN M. GROEDEL