IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAPHNE NERO, | ) CASE NO. 1:04CV1833 |
|  | ) |
| Plaintiff, | ) JUDGE ANN ALDRICH |
|  | ) |
| v. | ) |
|  | ) |
| UNIVERSITY HOSPITALS MANAGEMENT SERVICES ORGANIZATION, INC., | ) |
|  | ) |
| Defendant. | ) |

**UNIVERSITY HOSPITALS MANAGEMENT SERVICES ORGANIZATION, INC.'S RESPONSES TO PLAINTIFF'S SECOND AND THIRD SETS OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, Defendant University Hospitals Management Services Organization, Inc. ("UHMSO"), by and through its counsel, for the purpose of this action only and subject to all objections as to admissibility that may be imposed at the trial of this matter, responds to the Second and Third Sets of Interrogatories and Request for Production of Documents served by Plaintiff Daphne Nero in the captioned-matter (hereinafter referred to as "Discovery Requests").

**GENERAL STATEMENT/OBJECTIONS**

1. UHMSO, by responding to these Discovery Requests, does not waive its right to object to the use of the produced documents and/or information at any time on

any ground in this or any other proceeding. In addition, discovery in this action is still proceeding and therefore UHMSO reserves the right to amend any response in light of later discovered facts or introduce additional documents and/or information in support of its position at trial.

2. UHMSO objects to all Discovery Requests that seek documents and/or information from locations other than the location where Plaintiff was employed and the challenged employment decisions were made. It is well-established that "[w]here . . . the employment decisions were made locally, discovery may be properly limited to the employing unit." Scales v. J.C. Bradford and Co., 925 F.2d 901, 907 (6th Cir. 1991).

3. With respect to all documents and information produced in this response. UHMSO does not waive, but expressly preserves:

    a. All questions as to the competency, relevancy, privilege and admissibility as evidence of all documents and/or information, for any purpose in any subsequent proceeding or the trial of this or any other action;

    b. The right to object to the use of any document and/or information produced pursuant to these Discovery Requests in any subsequent proceeding or in the trial of this or any other action on any grounds;

    c. The right to object on any ground at any time to any demand for further requests of documents or interrogatories;

    d. The right at any time to revise, correct, add or clarify any of the responses herein; and

    e. The right to object to the use of any document on the grounds of attorney-client and/or attorney-work product privileges.

  f. The right to seek protection from disclosure of confidential or proprietary information which may subsequently be provided in response to these requests through the entry of a motion or agreed order.

### PLAINTIFF'S SECOND SET OF INTERROGATORIES

1. Identify the patient to which Defendants' Bates Stamped Documents 000123-000135 allegedly refer.

**ANSWER:**

Objection. Interrogatory No. 1 seeks confidential and proprietary patient information and employee information. Subject to and without waiving the foregoing objections, pursuant to the Confidentiality and Stipulated Order, and Plaintiff's agreement not to contact the identified patient, UHMSO states: Glenna Alland.

2. Identify every employee of UHMSO's Chardon and/or Rock Creek locations, including temporary and/or part time employees, that ever sent blood for lab work that included a different name on the requisition form than the name located on the bagged blood specimen. Include in your answer whether each employee is still employed by UHMSO, whether the employee was disciplined for the above referenced behavior, and the nature of such discipline (if any).

**ANSWER**:

Objection. Interrogatory No. 2 is overly broad for its failure to identify a specific time frame. Subject to and without waiving the foregoing objections, to the best of its knowledge, UHMSO cannot recall the identity of any specific employee at the Rock Creek or Chardon offices that sent blood for lab work that included a different name on the requisition form than the name located on the bagged blood specimen. UHMSO states that if an employee did engage in such conduct, he or she would be disciplined accordingly.

3

3. Identify (including by age) any UHMSO employee who has been employed at either the Rock Creek and/or Chardon facilities since January 2004 who goes by name "Candy."

**ANSWER**:

Objection. Interrogatory No. 3 seeks confidential employee information. Subject to and without waiving the foregoing objections, and pursuant to the Confidentiality and Stipulated Order, and Plaintiff's agreement not to contact the identified person, UHMSO states: Kathleen Lane, age 40.

4. Identify the patient(s) to which Ex. 13 of Plaintiff's deposition refers.

**ANSWER:**

Objection. Interrogatory No. 4 seeks confidential and proprietary patient information. Subject to and without waiving the foregoing objections, pursuant to the Confidentiality and Stipulated Order, and Plaintiff's agreement not to contact the patient identified, UHMSO states: Sue Walker

5. Identify all UHMSO employees who worked at the Rock Creek and Chardon facilities on March 8, 2004 and March 9, 2004.

**ANSWER**:

Objection. Interrogatory No. 5 seeks confidential employee information that has not been released by the subject employees. Subject to and without waiving the foregoing objections, UHMSO states: in addition to Dr. Molin and Dr. Whitney, the following individuals were working:

    1. Daphne Nero

    2. Nancy Marella

    3. Ladonna Smith

    4. Colleen Klingemier

4

    5.    Karen Sardella (Rock Creek)

6.    State Defendant's policy for following up with patients for referrals to outside specialists once a specialist is recommended.

**ANSWER**:

Objection. Interrogatory No. 6 is vague and ambiguous for its failure to define what is meant by "following up." Subject to and without waiving the foregoing objections, UHMSO states: each physician runs his or her practice differently. Generally, referrals are made and documented either through a paper ticketing system or an electronic referral hotline.

7.    Identify all UHMSO employees terminated by Petra Bosinger since the beginning of her employment with Defendant, including the dates of such terminations and a detailed explanation of why each employee was terminated.

**ANSWER**:

Objection. Interrogatory No. 7 is not relevant and not likely to lead to the discovery of admissible evidence. UHMSO also objects to this interrogatory to the extent that it is seeking confidential employee information that has not been released by the subject employees. Subject to and without waiving the foregoing objections, UHMSO states: Plaintiff is the only employee that has been terminated from Dr. Molin's Rock Creek and Chardon offices.

5

8. Identify all persons who have commenced administrative or court action against either Defendant since January 1999 alleging any violation of COBRA, together with the name of the administrative agency or court, the identifying charge number or case number, and a brief description of the nature of the action and its outcome.

**ANSWER**:

Objection. Interrogatory No. 8 is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. UHMSO also objects to this interrogatory to the extent that it is seeking confidential employee information and information protected by the attorney work product doctrine and the attorney client privilege. Subject to and without waiving the foregoing objections, UHMSO states that no other person has commenced an administrative action or court action against UPCP Geauga Internal Medicine, the location where Plaintiff was employed, alleging a violation of COBRA.

9. State the date of birth of Kathleen Lane.

**ANSWER**:

Objection. Interrogatory No. 9 seeks confidential employee information that has not been released by the subject employee. Subject to and without waiving the foregoing objections, and pursuant to the Confidentiality and Stipulated Order, UHMSO states: May 1, 1965.

10. State the number of all visits made by patient Robert Gibbs to Dr. Jawa, including the date of each visit.

**ANSWER**:

Objection. Interrogatory No. 10 is not relevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and pursuant to the Confidentiality and Stipulated Order, UHMSO states: see documents produced in response to Plaintiff's written document requests.

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1. Provide Dr. Molin and Dr. Whitney's complete medical files of the individual identified in Interrogatory No. 1, including but not limited to all electronic notes and all handwritten notes, records of doctor visits, and prescription history.

    **RESPONSE**:

    Objection. Request No. 1 seeks confidential patient information. Subject to and without waiving the foregoing objections, UHMSO will produce Ms. Alland's medical file, pursuant to the Confidentiality and Stipulated Order, and Plaintiff's agreement not to contact the patient identified therein.

2. Provide any and all documents not contained in the medical files of the individual identified in Interrogatory No. 1, including but not limited to all letters and correspondence to that individual from anyone and/or any doctors at UHMSO.

    **RESPONSE**:

    See Response to Request No. 1.

3. Provide University Hospital Health System/UHMSO's **complete** medical file of Robert Gibbs, including but not limited to all electronic notes and all handwritten notes, records of doctor visits, and prescription history. This request includes but is not limited to records of Mr. Gibbs as a patient of Drs. Molin, Whitney, and Jawa.

    **RESPONSE**:

    Objection. Request No. 3 requests confidential patient information. Subject to and without waiving the foregoing objections, UHMSO will produce the medical records, which are in its possession, custody or control, relating to Mr. Gibbs, pursuant to the Confidentiality and Stipulated Order, and Plaintiff's agreement not to contact the family of the patient identified therein.

4.     All documentation relating to Defendant's Answer to Interrogatory No. 6 Plaintiff's Second Set of Discovery.

**RESPONSE**:

See Response to Interrogatory No. 6.

## THIRD SET OF INTERROGATORIES

1.     State whether Defendants contend that Plaintiff ever received her statutorily required COBRA notice at any point since the date of her termination from Defendant.

**ANSWER:**

UHMSO states that it had no statutory obligation to provide Plaintiff COBRA notice because Plaintiff's termination resulted from gross misconduct. Subject to and without waiving the foregoing objections, UHSMO states that while it is unable to locate the COBRA notice that was provided to Plaintiff, based on its good faith and reasonable notification procedures, it believes that Plaintiff did receive her COBRA notice.

8

## THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

1.  Provide any documentation relating to or reflecting any COBRA notice that Plaintiff received, from the date of her termination to present.

**RESPONSE**:

UHMSO states that it has already produced to Plaintiff responsive documents (*i.e.,* Plaintiff's termination checklist). Further, UHMSO is continuing its good faith investigation into this issue and will supplement Request No. 1, if necessary.

As to Objections,

DAVID A. CAMPBELL (0066494)
LORI L. FAUVIE (0076831)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060

*Attorneys for Defendant
University Hospitals Management Services
Organization, Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing *University Hospitals Management Services Organization, Inc.'s Responses to Plaintiff's Second and Third Sets of Interrogatories and Requests for Production of Documents* has been hand delivered on this 7TH day of June, 2005 to the following:

> Caryn M. Groedel, Esq.
> David J. Steiner, Esq.
> 5910 Landerbrook Drive, Suite 200
> Cleveland, Ohio 44124

_____
Attorneys for Defendant
University Hospitals Management Services
Organization, Inc.